# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMAL D. GENTRY,

    Plaintiff,

v.                          Case No. 22-CV-1471

MELODY MILLER,

    Defendant.

## ORDER

On February 1, 2024, the defendant Melody Miller filed a motion for summary judgment on the merits. (ECF No. 21.) Pursuant to Civil Local Rule 15(b)(2), and a Notice and Order issued by the court on February 2, 2024, *pro se* plaintiff Jamal D. Gentry had until March 1, 2024, to respond to Miller's motion for summary judgment. (ECF No. 27.) The court cautioned Gentry that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by Miller as true and likely grant her motion. On February 29, 2024, Gentry filed a motion for an extension of time to respond to Miller's motion, (ECF No. 28), which the court granted, giving him until April 1, 2024.

The April 1, 2024, deadline has passed, and Gentry still has not filed a response. Miller has filed a motion for an order granting her motion for summary judgment. (ECF No. 29.) The court will construe Miller's motion for summary

judgment as unopposed. The court has reviewed Miller's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment on the merits. The undisputed facts show that Miller was not deliberately indifferent to Gentry's plan for self-harm. Accordingly, Miller's motions are granted, and the case is dismissed.

**IT IS THEREFORE ORDERED** that Miller's motion for summary judgment (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Miller's motion for order granting her motion for summary judgment (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion

under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of April, 2024.

STEPHEN DRIES
United States Magistrate Judge